UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QING LU,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>　　　　*Defendants*. | Civil Action No. 1:20-cv-00461-APM |

# DEFENDANTS DISTRICT OF COLUMBIA, CLARENCE G. WHITESCARVER, AND SYDNEY LESTER'S AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants District of Columbia (the District), Clarence G. Whitescarver, and Sydney Lester (collectively Defendants), through counsel, herein answer Plaintiff's Amended Complaint as follows:

## First Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## Second Defense

As to each of the numbered paragraphs in Plaintiff's Amended Complaint, Defendants respond as follows:

## PLAINTIFF'S FIRST AMENDED COMPLAINT[1]

Defendants admit that Plaintiff is suing under the First Amendment and the D.C. Whistleblower Protection Act, claiming that she has repeatedly made statements about S.B., and that S.B. entered into a negotiated disposition with the Board of Ethics and Government

---

[1] For convenience and ease of reference only, Defendants utilize the headings appearing in Plaintiff's Amended Complaint in responding to the paragraphs contained therein.

Accountability (BEGA) that resulted in a $1,000 fine.  Defendants deny the remaining allegations in the first paragraph of Plaintiff's Amended Complaint.

Defendants admit that Defendant Sydney Lester proposed a 10-day unpaid suspension for Plaintiff and that Defendant C.G. Whitescarver imposed an 8-day unpaid suspension for her. Defendants deny the remaining allegations in the second paragraph of Plaintiff's Amended Complaint.

## II.  JURISDICTION

1. Defendants acknowledge the existence of the statute cited by Plaintiff but deny that the Court's jurisdiction is necessarily derived therefrom.

2. Defendants acknowledge the existence of the statute cited by Plaintiff but deny that the Court's jurisdiction is necessarily derived therefrom.

3. Defendants deny the violations of law which Plaintiff alleges and deny that this Court necessarily has jurisdiction over them.  Defendants acknowledge the existence of the DCWPA and the fact that it authorizes naming individuals as defendants.

## III.  ADMINISTRATIVE EXHAUSTION OF REMEDIES

4. Denied.

5. Defendants admit that the union initially invoked arbitration in Plaintiff's behalf as to the eight-day suspension, but deny the remaining allegations in this paragraph.

## IV.  PARTIES AND SERVICE

6. Defendants admit that Plaintiff may be contacted by way of her attorney, David R. Schleicher, Esq.  Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 6.

7. Admitted.

8. Admitted.

9. Defendants admit that Plaintiff is suing Defendants Whitescarver and Lester in their individual capacities for claims under 42 U.S.C. § 1983 and those raised under DCWPA. Defendants admit the existence of those statutes but deny any violation of them by any defendant. Defendants admit that Defendants Whitescarver and Lester were served and answered Plaintiff's original Complaint.

10. Admitted.

## V.  FIRST AMENDMENT CLAIMS

*A.  Legal Background*

11. Admitted.

12. Defendants generally admit the existence of this legal standard, but deny that this standard is properly applied to Plaintiff's actions or Defendants' responses to her actions.

13. Admitted.

14. Admitted.

15. Admitted.

*B.  Relevant Factual Claims*

16. Denied.

    16.1. Denied.

    16.2. Defendants admit that these statutes exist but deny Plaintiff's general allegations that S.B. violated them.

    16.3. Defendants admit that, in 2017, the position held by S.B. (and Plaintiff) was classified by D.C. as a "safety sensitive" position. Defendants lack sufficient

information or knowledge to admit or deny the remaining allegations in Paragraph 16.3

16.4.   Defendants lack sufficient information or knowledge to admit or deny the statements made in Paragraph 16.4.

17. Denied.

    17.1.   Denied.

    17.2.   Denied.

18. Denied.

    18.1.   Admitted.

    18.2.   Defendants deny that the discipline imposed on Plaintiff was based on Plaintiff's exercise of her free speech rights. Defendants deny the allegation in footnote 4. Defendants also deny that Plaintiff had any reasonable or good faith belief in these complaints. Defendants admit that Plaintiff's proposed discipline detailed her reports.

    18.3.   Defendants admit there was an eight-day suspension imposed by the June 27, 2019 decision by Defendant Whitescarver. Defendants deny the remaining allegations in Paragraph 18.3.

        18.3.1.   Admitted.

        18.3.2.   Denied.

19. Denied.

20. Defendants deny any "violations" and the allegation that Plaintiff was speaking "on matters [of] public concern," but generally admit the existence of this legal standard.

21. Denied.

22. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 22.

23. Defendants admit to the substance of the May 29, 2019 face-to-face meeting between Plaintiff and Defendant Whitescarver and to the substance of the email from Tiffany Crow to Plaintiff on April 30, 2019. Defendants deny the remaining allegations and specifically the allegation that these actions are relevant to any claimed "chilling effect."

## VI. D.C. WHISTLEBLOWER PROTECTION ACT

### A. *Legal Background*

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

### B. *Relevant Factual Claims*

28. Admitted.

29. Admitted.

30. Defendants admit that the Mayor has authority to effectively recommend or take action to address violations and the misuse of government resources. Defendants deny the remaining allegations in Paragraph 30.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Defendants admit that the laws and regulations referenced in this paragraph and its sub-paragraphs exist.

    35.1. Defendants admit that DPM, Chapter 16, Section 1605.4(b), exists.

        35.1.1. Defendants admit that this legal standard exists.

        35.1.2. Defendants admit that this legal standard exists.

        35.1.3. Defendants admit that this legal standard exists.

    35.2. Defendants admit that D.C. Code § 22-3221 exists, but denies that it is applicable to this matter.

    35.3. Defendants admit that D.C. Code § 22-3242 exists, but denies that it is applicable to this matter.

    35.4. Defendants admit that D.C. Code §§ 22-2402 and 22-2404 exist, but denies that they are applicable to this matter.

    35.5. Admitted.

36. Denied.

37. Denied.

    37.1. Defendants deny that Plaintiff observed erroneous time reporting and improper overtime claims.

    37.2. Defendants deny that Plaintiff's belief was reasonable, but admit the factual allegations in Paragraph 37.2.

        37.2.1. Defendants deny that fraud was committed, and lack sufficient information or knowledge to admit or deny the general allegations about "fake" documents made in this subparagraph and footnote 6.

37.3. Defendants admit that Plaintiff refused to accept the conclusion reached by multiple investigations that there was no merit to her allegations about S.B.'s use of parental leave and subsequently made demands for additional information that she was not given by those investigators, but deny the remaining allegations in Paragraph 37.3.

37.4. Denied.

37.5. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 37.5.

37.6. Defendants admit that Plaintiff's testimony is that she visited the Facebook pages of S.B.'s family members, but deny the remaining allegations in Paragraph 37.6.

37.6.1. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 37.6.1.

37.6.2. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 37.6.2.

37.7 Denied.

38. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 38.

39. Denied.

39.1. Defendants admit that Plaintiff claims to have had such a conversation, but deny the conclusions reached in Paragraph 39.1.

39.2. Defendants admit that Plaintiff claims to have had such a conversation, but deny the conclusions reached in Paragraph 39.2.

        39.3.    Defendants admit that Plaintiff claims to have had such a conversation, but deny the conclusions reached in Paragraph 39.3.

    40.    Admitted.

    41.    Defendants admit that Plaintiff made allegations about S.B. to the Office of the Inspector General (OIG) and that OIG is a public body, but deny the remaining allegations in Paragraph 41.

        41.1.    Defendants admit that Plaintiff sent a communicated to OIG on June 27, 2016, but deny the conclusions reached in Paragraph 41.1.

    42.    Defendants admit that Plaintiff asked OIG to investigate S.B. on multiple occasions and that OIG referred her allegations to DCRA on one of those occasions, but deny the remaining allegations in Paragraph 42.

    43.    Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 43.

    44.    Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 44. Regarding footnote 8, Defendants admit that Plaintiff met with Lynn Underwood and Chris Bailey on August 15, 2017, and admit to the substance of their conversation. Defendants acknowledge the existence D.C. Code § 1-615.53, but deny that the Defendants, Lynn Underwood, and/or Chris Bailey violated it.

    45.    Admitted.

    46.    Denied.

        46.1.    Denied.

    47.    Denied.

    48.    Denied.

49. Denied.

50. Defendants admit that Plaintiff had contact with BEGA and that BEGA conducted investigations of S.B., but deny the conclusions Plaintiff reaches in Paragraph 50.

51. Denied.

52. Denied.

## VII.  HARM SUFFERED

53. Defendants admit that a 10-day suspension of Plaintiff was initially proposed and that she served an 8-day suspension.  Defendants further admit that the suspension caused Plaintiff to lose pay.  Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 53.

    53.1.   Denied.

54. Defendants admit that Plaintiff was investigated for harassing S.B. and his wife S.C.B. as alleged in this paragraph and footnote 9, but deny that this investigation and discipline constituted retaliation, ill will, or improper motive in violation of the DCWPA.  Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 54 and footnote 9.

55. Defendants admit to the existence of the DCWPA prohibition against retaliation for protected disclosures, but deny that the decision to deny Plaintiff telework was in retaliation for any protected disclosure.

    55.1.   Admitted.

    55.2.   Defendants admit that Plaintiff's application for permission to telework was approved by her managers.

   55.3. Defendants admit that Plaintiff was unable to begin teleworking immediately, but deny the remaining allegations in Paragraph 55.3.

   55.4. Defendants admit that Plaintiff was unable to start teleworking immediately because she did not have a virtual private network (VPN) allowing her to access the Accela software necessary for her job. Defendants deny the remaining allegations in Paragraph 55.4.

 56. Defendants admit that Plaintiff has hired an attorney but deny that Defendants have violated Plaintiff's rights or that it was necessary for Plaintiff to hire an attorney to mitigate her damages.

## VIII. SUPPLEMENTAL CLAIM

 57. Defendants admit that Plaintiff is claiming that "her August-November 2016" allegations about S.B. (and S.C.B.) are "protected activity under the First Amendment and D.C. Whistleblower Protection Act," but deny that they qualify as protected activity or entitle Plaintiff to any relief. Defendants deny the remaining allegations in Paragraph 57.

 58. Denied.

   58.1. Defendants admit that Sydney Lester emailed Plaintiff on August 31, 2016, but currently lack sufficient information or knowledge to admit or deny Plaintiff's characterization of that meeting.

   58.2. Defendants admit the Sydney Lester and Gary Englebert agreed to meet with Plaintiff to hear some of her allegations about S.B. on September 1, 2016, but currently lack sufficient information or knowledge to admit or deny Plaintiff's characterization of that meeting.

      58.3.    Defendants admit that Plaintiff sent an email to Mia Brown and Tyrone Lawson on September 29, 2016, but deny Plaintiff's characterization in Paragraph 58.3.

      58.4    Admitted.

          58.4.1.    Defendants admit that BEGA entered into a negotiated disposition with S.B. on December 8, 2016 (BEGA No. Case No. 1548-001), but deny Plaintiff's characterization of that agreement in Paragraph 58.4.1.

58.5.    Defendants admit that the emails referenced in Paragraphs 58.1 to 58.4 were included as Exhibit 11 in the Investigative Report at issue in this case, , but deny the remaining allegations and characterizations in Paragraph 58.5.

## IX.  RELIEF SOUGHT

59 to 59.9.    Defendants deny that Plaintiff is entitled to any of the relief requested herein.

## X.  JURY TRIAL REQUESTED

60.    Defendants admit that Plaintiff is demanding a jury trial.

**FURTHER ANSWERING**, Defendants deny all allegations of wrongdoing not specifically admitted or otherwise answered.

### Third Defense

Defendants' exercise of proper management and control over the government workplace are not prohibited by the First Amendment.

### Fourth Defense

Defendants did not violate the D.C. Whistleblower Protection Act.

### Fifth Defense

The conflict of interest that Plaintiff claims she was reporting was not the reason why she was disciplined.

### Sixth Defense

The parental leave fraud that Plaintiff claims she was reporting is not "[g]ross" under D.C. Code § 1-615.52(a)(6), and, in any event, her beliefs that such fraud had been committed and not properly investigation were never reasonable.

### Seventh Defense

If Plaintiff was injured or otherwise damaged as alleged in the Complaint, said damages resulted from Plaintiff's intentional, or otherwise wrongful, conduct.

### Eighth Defense

Plaintiff failed to mitigate her damages.

### Ninth Defense

If an impermissible factor was used in taking an employment action against Plaintiff, Defendants would have taken the same employment action as was taken against Plaintiff in the absence of the use of the alleged impermissible factor.

### Tenth Defense

If Plaintiff was damaged as alleged in the Complaint, said damages were not proximately caused by the District or its employees, agents or servants acting within the scope of their employment.

### Eleventh Defense

Defendants had a legitimate, non-retaliatory and/or non-discriminatory reason for any alleged action taken against Plaintiff.

### **Twelfth Defense**

Plaintiff's claim may be barred by the applicable statute of limitations.

### **Set-off**

Defendant District of Columbia asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiff, by Medicaid, Medicare, or any other form of public assistance.

### **Jury Demand**

Defendants hereby demand a trial by jury.

Defendants reserve the right to amend their answer to Plaintiff's Amended Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

Date:  February 4, 2022                    Respectfully Submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Acting Chief, Civil Litigation Division, Section III

*/s/ Adam P. Daniel*
ADAM P. DANIEL [1048359]
RYAN MARTINI [888241893]
Assistant Attorneys General
Civil Litigation Division
400 6th Street NW
Washington, D.C. 20001
Phone:  (202) 442-7272; (202) 724-7322
Fax:  (202) 400-2675; (202) 741-0555
Email:  adam.daniel@dc.gov; ryan.martini@dc.gov

*Counsel for Defendants District of Columbia,
Clarence G. Whitescarver, and Sydney Lester*