UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QING LU,<br><br>      *Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>      *Defendants*. | Civil Action No. 1:20-cv-00461-APM |

**PLAINTIFF QING LU'S RESPONSES TO
DEFENDANTS' SECOND SET OF REQUEST FOR ADMISSIONS**

To:   All Defendants, by way of e-mail service to their counsel this September 17, 2021: Adam P. Daniel (adam.daniel@dc.gov) and Matthew R. Blecher (matthew.blecher@dc.gov).

Following are Plaintiff's responses to the RFA portion of your August 18, 2021 discovery requests. These are answered within the deadlines set by applicable rules, taking into account any modifications by the Court and/or agreed to by the parties. If you have questions/concerns about any of the responses, let me know.

Respectfully Submitted,

SCHLEICHER LAW FIRM, PLLC
1629 K St., NW, Ste. 300
Washington, D.C. 20006
(202) 540-9950
(202) 683-6130 fax

By: _____
David R. Schleicher
DC Bar No. 428001
david@gov.law correspondence
efiling@gov.law for service

ATTORNEYS FOR PLAINTIFF QING LU

## II. REQUEST FOR ADMISSIONS

<u>Response to Preliminary Instructions</u>:  Plaintiff objects to the instruction that her answers are to include information known to her attorney, to the extent the information is not known to her. Otherwise, the instruction could be read, for example, to require her answers to include information not known to her and is known to her attorney only as a result of representation of other clients.

<u>Response to Instructions and Definitions</u>: Plaintiff objects to Defendants' definition of "Plaintiff" as including her attorneys, to the extent this would require disclosure of attorney work product or information that is protected by the attorney-client communication privilege.

1. Admit that your first contact with BEGA between August and November 2016, as related to the allegations made in Paragraphs 57 and 58 of your Amended Complaint, was initiated by BEGA personnel contacting you.

RESPONSE:  Admit.

(She understands them to have contacted her based on others having forwarded her disclosure information on to BEGA. She proceeded to disclose information directly to BEGA.)

2. Consistent with your testimony during your deposition on March 1, 2021, and the new allegations made in Paragraphs 57 and 58 of your Amended Complaint, admit that you are not claiming to have engaged in any protected speech or made any protected disclosures about or otherwise related to S.B.'s conflicts of interest after BEGA entered into a negotiated disposition with S.B. on December 8, 2016.

RESPONSE: Admit.

(As stated in her First Amended Complaint, she is only relying on disclosures about the ethics issues made in 2016. She did make further related disclosures, but is not relying on them as

a basis for retaliation. For example, in her April 20, 2018 meeting with former DCRA Director Bolling and former Chief Administrative Officer (CAO) Walter Crawford, Plaintiff pointed out SB's previous conflict of interest. On April 23, 2018, Plaintiff emailed Keith Slade (DCRA Operation Manager then) with the link to BEGA deposition of SB's conflict of interest and wrote she wondered why the couple dared to be so dishonest.)

      3.     Consistent with the representations made during your deposition on March 1, 2021, admit that you are not claiming that the DCRA took any adverse employment action against you until November 2018.

      RESPONSE: Admit.

(That is, the first challenged retaliatory adverse action was the Lawson investigation. While Plaintiff has concerns about her February 2018 exclusion from the Velocity Program as compared to S.B.'s admission, she is not raising that as a basis for recovery in this lawsuit. Instead, only: the Lawson investigation, the suspension proposal, the suspension decision, and the telework denial.)

      4.     Consistent with your deposition testimony on March 1, 2021, admit that you are not claiming that Defendant Lester took any adverse employment action against you before proposing you for a 10-day suspension on April 2, 2019.

      RESPONSE:  Admit.

(As above, she has concerns about her earlier exclusion from the Velocity Program when S.B. was admitted, but for the sake of avoiding excess complexity she is not raising that here. She likewise has concerns about S.B. being shown favoritism in an extended period in which he, though not a supervisor, was allowed to assign projects as if he were one. This too is an issue that she is not raising as a basis for recovery, to keep the suit focused on higher priorities.)

5. Consistent with your deposition testimony on March 1, 2021, admit that you are not claiming that Defendant Whitescarver took any adverse employment action against you before imposing an 8-day suspension on June 27, 2019.

RESPONSE: Admit.

(Same explanation as for RFA 4 as to Velocity Program exclusion.)

*****