

Government of the District of Columbia
Department of Consumer and Regulatory Affairs

## POD/Fire Protection Unit

Date April 2, 2019

Employee: Luchi Lu
Title: Fire Protection Engineer
Unit/Agency: Technical Review Branch, Permit Operations Division/DCRA

### RE: **Advance Written Notice of Proposed Suspension of 10 Days**

**Dear Ms. Lu**

This is a **15 calendar day** advanced written notice of a proposal to suspend you
without pay for 10 **business days**(s) from your position of Fire Protection Engineer
with the <u>Department of Consumer and Regulatory Affairs, Permit Operations
Division/ Fire Protection Unit.</u> This action is proposed in accordance with the
provisions of **§1605.4(b)** of the District Personnel Manual (DPM). This proposed
action is based on the charge of False Statement. The details to support this action
are stated below:

Charge:       DPM 1605.4(b) In this case the charge is False Statements –
             Knowingly and willfully reporting false or misleading information or
             purposefully omitting facts, to any supervisor.

**Specification**:
Special Investigator Tyrone Quintin Lawson was tasked with investigating Case Number
018-SP-0034 – a complaint that Qing (Luchi) Lu, Fire Protection Engineer, knowingly
stalked and harassed Fire Protection Engineer S███ B███ and his wife N███ B███
while on duty. His report stated that her actions occurred over the period June 27, 2016 to
February 5, 2019. During that time Ms. Lu failed to comply with rules and proper
supervisory instructions. Mr. Lawson also stated that Ms. Lu also knowingly and willfully
provided false or misleading information in connection with the investigation. This
disciplinary action will address **only** the dishonest statements made by Ms. Lu.

The evidence shows that when Ms. Lu first started filing complaints claiming that **Mr.
B███ had fraudulently stated that he had a new born baby girl in 2016 in order to
get Paid Family Leave (PFL). Ms. Lu has persisted with this false claim against a
coworker for the past two and a half years.**



On Tuesday **February 7, 2017** Ms. Lu forwarded an email entitled "FOIA Response" to then HR Officer Mia Brown and HR Manager Ingrid Jackson which was a five (5) page email thread. Eventually Ms. Brown emailed Ms. Lu and told her that Mr. B     met all of the qualifications for approval of his PFL. This is documented in Ms. Brown's email to Ms. Lu dated **May 12, 2017** where she was advised that "As it stands, all required documentation has been provided by the employee for approved Paid family Leave (PFL)" – Exhibit 15 in the Investigative Report (IR).

In addition, over time, then CAO Walter Crawford and then HR Manager Ingrid Jackson told Ms. Lu that the matter was closed because Mr. B     met all the required qualifications for his PFL. This is documented in Ms. Lu's email of **February 10, 2017**, to Mr. Crawford acknowledging the end of the investigation and that per her final paragraph, "From now on, there will be no more communications from me on this matter. You have my word. Thank you all for your time". - Exhibit 13 in the IR. Ms. Jackson's email of **September 11, 2017** advised Ms. Lu that her concerns were investigated by both the Office of the Inspector General and the Board of Ethics and Government (BEGA) and that the OIG and BEGA has informed the agency that they could not find any cause for the agency to take any disciplinary action against Mr. B     and that the case is now closed. Finally Ms. Jackson closed the email by stating "Please consider this the final response on behalf of the agency as the matter has been investigated and deemed closed". – Exhibit 22A in the IR.

OIG informed then DCRA Director Bolling by email from IG Daniel Lucas, dated **October 28, 2016**, that the complaint was referred to DCRA and they considered the matter a DCRA matter. - Exhibit 10 in the IR; On **May 10, 2017** OIG Hotline sent an email to Ms. Lu informing her that the OIG conducted an independent analysis and determined that no further action by the OIG is warranted. That email also advised that the D.C. OIG considers this matter closed. The OIG response was in response to Ms. Lu's Complaint Number 2016-1103 which she submitted alleging false claims or statements, a case of fraud, opened June 27, 2016 and closed December 1, 2016. – Exhibit 9 in the IR.

BEGA also responded to Ms. Lu's complaint as shown in her emails of **July 25, 2017** to BEGA Investigator Corrales, where she insisted that there is cause to reopen their investigation. BEGA indicated to Ms. Lu that they considered the matter closed and refused to investigate because there was no foundation to her complaint. This is documented in both BEGA Investigator Corrales email of **July 25, 2017** to Ms. Lu where she was advised that the matter was closed and Ms. Lu's email - Exhibit 18 of the IR.

Then DCHR Director Ventris Gibson told Ms. Lu that the matter regarding her complaint was closed because all of the qualifications for PFL were met by Mr. B     This is documented in his email of **November 28, 2017**, to her, where she concluded that "Since this matter is closed, we are unable to assist you further".

In addition, DCHR Program Analysis Ledesma Smith-Mathis, in an email to Ms. Lu dated **November 29, 2017** with the subject "RE: DCHR Response – Follow up with the Director", informing her that "after speaking with Director Gibson, she has informed me that DCHR, OIG and BEGA looked into your allegation and found no merit to your

Confidential Subject to Protective Order          Lu v. DC et al1-20-cv-00461_00000811



claim". The email concluded with the statement "Since the matter is closed, we are unable to assist you further". – Exhibit 44 of the IR.

Finally, then DCRA Director Melinda Bolling told Ms. Lu that her complaint was investigated and found to have no merit and so DCRA is done with the complaint. This was documented in Ms. Lu's email to Mr. Slade of **April 23, 2018** informing him of the outcome of her meeting with the Director. – Exhibit 40 of the IR.

Yet in spite of all these clear instructions, Ms. Lu made deliberate effort to continue making dishonest statements in filing complaints over and over and over to the same D.C. Government Agencies, D.C. Councilmembers, entities outside D.C. Government including private companies, private citizens and various news media services as provided in the examples below.

On Friday, **September 22, 2017** Ms. Lu sent an email with her complaint against S█████B█████entitled "Report forgery crime to EOM" to Mayor Bowser, with copies to Mark Tuohey (EOM), John Falcicchio (EOM) and Beverly Perry (EOM). See pages 29 and 30 of the attached investigative report.

On Monday, **April 9, 2018** Ms. Lu sent emails regarding her complaint against S█████B█████entitled "Epidemic Paternity leave fraud by male DC government employee" to CNN's Heather Brown, Lauren Cone, Community@CNN and CNN.Feedback. See page 30 of the attached investigative report.

On Thursday, **April 12, 2018** Ms. Lu sent BEGA investigation information to a private citizen Tanya Hill of Permit Xperts. See page 30 of the investigative report.

Between Wednesday, **May 23,** 2018 and Wednesday, **May 30, 2018** Ms. Lu exchanged emails about her complaint against S█████B█████entitled "Paternity leave fraud - using pillows for fake pregnancy" to Michelle Basch of WTOP. See page 31 of the attached investigative report.

Several additional false charges were made by Ms. Lu, in her complaint against S█████ B█████ see pages 29, 30 and 31 of the IR.

The final act raised the level of dishonesty/false statements even higher when on **February 5, 2019** Ms. Lu confronted Mayor Bowser and her party touring the Permit Center while visiting DCRA, aired her complaint and followed up with an email to the Mayor dated **February 6, 2019** with the subject "Report to Mayor Bowser – Wearing Pillow for paternity leave" – Exhibit 55 of the IR

Special Investigator Lawson's comprehensive investigation report documents the evidence that Ms. Lu's conduct has been dishonest and prejudicial to Mr. B█████and the District Government. His investigation results and conclusions below provide the backdrop for this proposal.

Ms. Lu grossly violated Part 1, DC Personal Regulations Chapter 16; Sect 1605.4(b) False Statements, including: Misrepresentation, falsification, or concealment of material facts or records in connection with an official matter; Knowingly and willingly reporting false or misleading information or purposely omitting material facts to any supervisor.

Confidential Subject to Protective Order     Lu v. DC et al1-20-cv-00461_00000812



**This proposed disciplinary action has taken into account the Douglas factors to include:**

1. **The nature and seriousness of the conduct.** The offenses are serious and do impair operational efficiency and continued up to February 6, 2019.

2. **The employee's job level and employment type.** Employee interacts with the public on a daily basis and is expected to uphold the mission and integrity of her position. Core functions require interaction with professionals in the construction industry where accuracy and honesty are essential in the Agency's ability to enforce compliance if not done with integrity.

3. **Past Corrective or Adverse Actions (including reprimands). None**

4. **Employee's past work record.** Ms. Lu has been a Fire Protection Engineer with DCRA for over eleven (11) years. During that time her performance has continually been that of a highly effective performer.

5. **Confidence in Employee.** Management's confidence in the employee's ability to refrain from continuing the dishonest allegation about Mr. B⬛ is very low based on her record.

6. **Consistency of the penalty with Table of Illustrative Actions.** This proposed discipline is in line with the table of penalties. Any subsequent lapse should be ground for more serious action including termination.

7. **Impact on Agency Reputation/Notoriety.** None

8. **Clarity of Notice to Employee of Unacceptable Conduct.** Emails from OIG, BEGA, DCHR Director and staff and DCRA Management all informed her that the claim was deemed false and should be discontinued.

9. **The potential for the employee's rehabilitation.** Up to February 6, 2019, Ms. Lu continued her dishonest conduct. It is hoped that the proposed 10 day suspension will impress upon her the need for her to stop engaging in making false statements about her coworkers.

10. **Mitigating circumstances.** The employee has admitted to knowingly engage in a course of conduct directed at Mr. B⬛ that she should have known was false

11. **Adequacy of Alternative Actions.** In light of the numerous occasions on which Ms. Lu has been advised of the lack of evidence of her claims AND counseled to cease and desist, management believes that it will take at least a 10 day suspension to impress upon her the seriousness of her misconduct and that it must cease once and for all.

Confidential Subject to Protective Order      Lu v. DC et al1-20-cv-00461_00000813



You have the right to review any material upon which this proposed action is based and to prepare a written response to the notice, including affidavits and other documentation, within six (6) days of receipt of this notice. You have the right to union representation.

Your response, should you prepare one, may raise every defense, fact or supporting matter in extenuation, exculpation, or mitigation of which you have knowledge or reasonably should have knowledge, or which is relevant to the reasons in support of the proposed action, specification(s), or proposed penalty.

Any response you prepare should be presented to Mr. Clarence Whitescarver, Deciding Official, who will review this written notice and your response, if there is one, and issue a notice of final decision. Mr. Whitescarver is located at DCRA, 1100 4th Street SW, Washington, DC, 20024, and may be reached at (202) 481 3536.

The material upon which the proposed action is based may be reviewed in the DCRA main office, located at 1100 4th Street SW, Washington, DC, 20024. You may arrange to review the material by contacting Mr. Donald Tatum  Human Resources Officer, (202-442-8928), <u>however please note that copies of all supporting documents were given to you at the same time you received the Proposed Notice</u>.

The final action being proposed (if implemented by the Deciding Official) may be appealed at the Office of Employee Appeals as provided in **§1625.1(c)** of the DPM or through the negotiated grievance procedure set forth in your collective bargaining agreement (if you belong to a union), <u>but not both</u>.  [DPM **§1625.2**]  You have the right to union representation if you are a member of a union that has a collective bargaining agreement with the District of Columbia. Whether or not you are a member of a union you have the right to be represented by an attorney or other representative.

You may elect to file an appeal of any <u>future</u> Final Decision for removals or suspensions of **10** or more days with the D.C. Office of Employee Appeals (OEA) located at 955 L'Enfant Plaza, SW, Suite 2500, Washington, DC 20024 Phone: (202) 727-0004.  That appeal **must be** filed within **thirty (30) calendar days** of the effective date of any implemented suspension.  For additional information on filing an appeal, you can contact the OEA at (202) 727-0004.  In addition, this information is available at http://oea.dc.gov/oea/site/default.asp.

Please be advised that you will remain in an active duty status during the period of advance notice.

Sincerely,

Sydney Lester
Fire Protection Manager, DCRA, Permit Operations Division

Confidential Subject to Protective Order          Lu v. DC et al1-20-cv-00461_00000814



Director or Designee

cc:   Tiffany Crowe, Chief Administrative Officer
      Clarence Whitescarver, Deciding Official
      Don Tatum, Labor Relations Liaison
      LaKeitha Johnson, AFGE Union Representative.

## ACKNOWLEDGEMENT OF RECEIPT

_Qing Luchi Lu_                 Date _4-2-2019_
Employee's Signature

_____                 Date _4/2/19_
Witness

1100 4th Street SW, Washington, DC 20024 | 202.442.4400 | dcra.dc.gov