Government of the District of Columbia
Department of Consumer and Regulatory Affairs



June 27, 2019

Luchi Lu
Fire Protection Engineer
Technical Review Branch, Permit Operations Division

RE: **Notice of Final Decision: Advanced Written Notice of Proposed 10 day Suspension**

Dear Ms. Lu:

This is the notice of final decision regarding the proposal to suspend you without pay for ten (10) days from your position of Fire Protection Engineer in the Permits Operation Administration with the Department of Consumer and Regulatory Affairs.

The charge was set forth in the proposed written notice dated **March 27, 2019**. Following a full review of the supporting documentation and your associated written response dated 4/12/2019, in addition to the meeting conducted with you and a AFGE Union representatives on or about 4/19/2019, I conclude that the proposed suspension is the appropriate action for this matter, with a reduction of the proposed suspension from ten (10) business days to eight (8) business days. Accordingly, you will be suspended for eight business days from **July 16, 2019** through **July 25, 2019**. This period of suspension covers two pay periods.

This action is being taken based upon the following violation of the District Personnel Manual (DPM) as incorporated by Article 9, Section A, of the Collective Bargaining Agreement between the Department of Consumer and Regulatory Affairs (DCRA) and AFGE Local 2725.

This disciplinary action is based on the following **Disciplinary Charge**:

On February 5, 2019 and February 6, 2019, while on-duty you, knowingly and willfully reported false or misleading information or purposely omitted material facts to a supervisor, in this case the Mayor of the District of Columbia, in violation of DPM, Chapter 16, Section 1605.4(b)(4).

**Government of the District of Columbia**
**Department of Consumer and Regulatory Affairs**



In your April 12, 2019, response to the Proposed Suspension Notice of March 27, 2019, you repeatedly stated that your comments were based upon personal observations, limited as they were, while also repeatedly acknowledge, via email records and statements, having been notified by a variety of District agencies, officials, supervisors, and investigator(s) that the matter had been investigated and closed without having identified an incident of fraud or leave abuse by the alleged perpetrator, Mr. S▮▮▮ B▮▮▮. Your statements and email communications to the Mayor, as cited above, willfully seeks to obfuscate the record of these investigations and interactions. Your responses also indicate that you have not fully conceded to the conclusions of the investigations or supervisory direction provided to you in this case.

**Douglas Factors.** I hereby adopt the evidence, recommendations, rationale, and conclusions of the proposing official. The Proposed Suspension Notice, along with attachment, is incorporated into this final action, including specific Douglas Factor analyses below:

1. **As stated in the Proposed Suspension Notice.** The nature and seriousness of the conduct. The offenses are serious and do impair operational efficiency and continued up to February 6, 2019.
2. **As stated in the Proposed Suspension Notice.** The employee's job level and employment type. Employee interacts with the public on a daily basis and is expected to uphold the mission and integrity of her position. Core functions require interaction with professionals in the construction industry where accuracy and honesty are essential in the Agency's ability to enforce compliance if not done with integrity.
3. **As stated in the Proposed Suspension Notice.** Past Corrective or Adverse Actions (including reprimands). None.
4. **As stated in the Proposed Suspension Notice. Employee past work record.** It should be noted that according to the record you used work time to draft and/or transmit these allegations of leave fraud and abuse, even after being advised of the case being closed. This lack of a due sense of accountability for one's work time and the apparent disregard to the adverse effect in the workplace for your actions is an aggravating factor.

Government of the District of Columbia
Department of Consumer and Regulatory Affairs



5. **Confidence in Employee.** Your apparent behavioral adjustment during the intervening weeks since being served with the Proposed Suspension Notice has been considered as a mitigating factor in my decision to reduce the suspension time period.

6. **As stated in the Proposed Suspension Notice. Consistency of the penalty with Table of Illustrative Actions.** This proposed discipline is in line with the table of penalties. Any subsequent lapse should be ground for more serious action including termination.

7. **Impact on Agency Reputation/Notoriety.** Contrary to the finding in the Proposed Suspension, persistent, unsubstantiated allegations of impropriety on the part of an agency employee, together with an assertion that the investigatory process is flawed due to findings that do not support your allegations does have an unacceptable impact toward degrading public confidence in the conduct of the District governmental and its processes. Wanton disregard for personal actions that adversely impact public confidence is not in keeping with acceptable District employee behavior.

8. **As stated in the Proposed Suspension Notice.** Emails from OIG, BEGA, DCHR Director and staff and DCRA Management all informed her that the claim was deemed false and should be discontinued.

9. **As stated in the Proposed Suspension Notice.** Up to February 6, 2019, Ms. Lu continued her dishonest conduct. It is hoped that the proposed 10 day suspension will impress upon her the need for her to stop engaging in making false statements about her coworkers.

10. **The potential for the employee's rehabilitation.** As stated in #5 and in the paragraph labeled "Mitigating Factor," above. It is hoped that you will be rehabilitated after serving this suspension and will cease and desist this form of misconduct.

11. **Mitigating circumstances.** With respect to the reduction of the proposed suspension from 10 days to the final 8-day suspension, it was taken into consideration that during the intervening period from March 27, 2019, to the present, there have been no reported incidents of you having repeated the performance that necessitated this disciplinary action. It is with cautious optimism that a reduction in suspension time has been decided. However, it is also noteworthy that, according to records, your behavioral corrections in

Government of the District of Columbia
Department of Consumer and Regulatory Affairs



this matter in the past are often short-lived, limiting the scope of the suspension reduction to ensure that a lasting behavioral correction will ensue.

As a government employee, you hold a position of the public trust. Statements made and actions taken as a government employee either reflect well on the public trust, or degrade it. You have the responsibility to consider the impact of your actions on the public trust, the cohesiveness of the workplace environment, and the wellbeing of your fellow employees. Be advised that further misconduct may result in your separation of employment from DCRA.

You are hereby suspended from **July 16, 2019** through **July 25, 2019**; you are to return to work on July 26, 2019. If you have any questions about the suspension dates please contact Don Tatum (Labor Relations Liaison) at 202-442-8928.

This action may be grieved as provided in **§1625-1634** of the DPM or through the negotiated grievance procedure set forth in your collective bargaining agreement (if you belong to a union), but not both. [DPM §1625.2] Employees belonging to AFGE 2725 may only grieve reprimands and suspensions of nine days or less through their collective bargaining agreement. You have the right to union representation if you are a member of a union that has a collective bargaining agreement with the District of Columbia.

Sincerely,

C. G. Whitescarver, Chief Building Official (CBO)
Department of Consumer and Regulatory Affairs


cc: Sydney Lester, Fire Protection Manager, DCRA, Permit Operations Division
    Don Tatum, Labor Relations Liaison
    Personnel Folder
    DCRA Office of General Counsel
    AFGE Local 2725

1100 4th Street SW, Washington, DC 20024 | 202.442.4400 | dcra.dc.gov

Government of the District of Columbia
Department of Consumer and Regulatory Affairs



_____          6-27-2019
Signature of Employee acknowledging receipt          Date

_____          6-27-2019
Signature of Administrator acknowledging that he/she
delivered letter to employee          Date

1100 4th Street SW, Washington, DC 20024 | 202.442.4400 | dcra.dc.gov